**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

LAMAR SASSER,                                  )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )          Case No.: 1:16-CV-252
                                               )
FLORIDA POND TRUCKING, LLC,                    )
FLORIDA POND FARM, INC.,                       )
GENE ANTHONY FOREMAN,                          )
EARLY TRUCKING COMPANY,                        )
BIRDSONG CORPORATION; *et al.*,                )
                                               )
        Defendants.                            )

**DEFENDANT EARLY TRUCKING COMPANY'S RESPONSE**
**AS TO STATUTORY BASIS FOR REMOVAL PRIOR TO SERVICE OF PROCESS**

COMES NOW Defendant Early Trucking Company, by and through counsel, and

pursuant to this Court's Order of May 25, 2016 (Doc. #12) respectfully submits the following

Response addressing the statutory basis to remove Plaintiff's state court action and invoke

this Court's jurisdiction, in the absence of actual service upon the removing Defendant.

28 U.S.C. §1446 is titled "Procedure for removal of civil actions."  With regard to the

issue of service, 28 U.S.C. §1446(b)(1) states as follows:

> The notice of removal of a civil action or proceeding shall be filed
> within 30 days after the receipt by the defendant, *through service or*
> *otherwise*, of a copy of the initial pleading setting forth the claim for
> relief upon which such action or proceeding is based, or within 30
> days after the service of summons upon the defendant if such initial
> pleading has then been filed in court and is not required to be served
> on the defendant, whichever period is shorter.  (emphasis added).

1

§1446(b)(1) clearly and unambiguously indicates a removing defendant has the ability to remove an action within 30 days after receipt of the initial pleading setting forth the claim for relief, "through service or otherwise." Unlike the requirement for obtaining unanimous consent of all defendants who have been "properly joined and served," there is no requirement that the removing defendant be properly served before it files a notice of removal.

The issue presented here was addressed by the Eleventh Circuit Court of Appeals in *Whitehurst v. Wal–Mart*, 306 F. App'x 446, 448 (11ᵗʰ Cir.2008). In *Whitehurst*, the Court of Appeals unambiguously stated "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." *Id.* at *1, citing, e.g., *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir.2000); and *City of Ann Arbor Employees' Retirement System v. Gecht*, 2007 WL 760568, at *9 (N.D.Cal.2007).

The federal district court in *North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263 (M.D.Fla.2009) also addressed this issue. In *North*, the Plaintiff contended under §1446(b) the removing defendant must have actually been served with a copy of the complaint and summons before it could remove the case from state to federal court. The district court rejected that proposition. It instead specifically found "an unserved defendant in receipt of the complaint may remove prior to service under Section 1446(b)." *Id.* at 1270, citing e.g., *Vitatoe v. Mylan Pharmaceuticals, Inc.*, 2008 WL 3540462 at *1; and *Masterson v. Apotex Corp.*, 2008 WL 2047979 at *1. See also *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd.*, 645 F.Supp. 37, at fn 2 ("It is axiomatic that a defendant who receives a copy of the complaint prior to legal service upon him may file his petition for removal then. Lack of

2

service of process is not a bar to removal."). Similar conclusions have been reached by the district courts in Alabama. See, e.g., *Vail v. Smartfuel South, LLC*, 2013 WL 5373525 at *5 (S.D.Ala.2013); and *Owens v. Hamlin*, 2013 WL 3732888, at *4 (S.D.Ala.2013).

Defendant Early Trucking Company also feels compelled to point out the time limitation imposed by §1446(b) is purely procedural, not jurisdictional. See, e.g., *In re Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11ᵗʰ Circ.1997); and *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1045 (9th Circ.2014).

28 U.S.C. §1441(a) provides that an action filed in state court may be removed to federal district court if the case could have been brought in federal district court originally.[1] A federal district court has original jurisdiction "over all civil actions where the amount in controversy exceeds $[75,000] and the action is between the citizens of different states." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998) (citing 28 U.S.C. § 1332(a)(1)).

---

[1]   In its Order dated May 25, 2016 (Doc. #12), the Court at footnote 2 makes reference to a letter from counsel for Defendants Florida Pond Trucking, Florida Pond Farm and Gene Foreman attached as an exhibit to Plaintiff's motion to remand, "indicating their lack of consent to the removal of this action by ETC." (See Doc. 5-4 at p. 2). The reasons why Early Trucking was not required to obtain consent of these parties at the time of filing its Notice of Removal are outlined in its Response to Plaintiff's motion. (See Doc. #10). Moreover, "[s]ubsequently served defendants may either `accept the removal or exercise their right to choose the state forum by making a motion to remand.'" *Hooper v. Albany Int'l Corp.*, 149 F.Supp.2d 1315, 1319 n.2 (M.D.Ala.2001), quoting *Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988); See also *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir.1985) ("[T]he removal statute contemplates that once a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion."); and *Cramer v. Devera Mgmt. Corp.*, 2004 WL 1179375, at *1-2 (D.Kan.) (denying the plaintiff's motion to remand grounded in the unanimity rule, because the defendant, who was served after removal and never filed any notice consenting to removal, was not required to join in or consent to the removal). "In fact, 28 U.S.C. §1448 specifically provides that a defendant that receives service after removal may move to remand the case, but makes no mention of any affirmative filing obligation in the event that the defendant does not wish to obtain a remand." *Packard v. Temenos Advisory, Inc.*, 2016 WL 397638 (S.D.Ga.) at *4. The Co-Defendants were also required to file a motion to remand within 30 days after Early Trucking filed its Notice of Removal on April 8, 2016. See 28 U.S.C. §1447(c). Because none of the Co-Defendants filed such a motion, their right to seek remand has been waived.

Plaintiff does not contest that there exists complete diversity of citizenship in this matter.  Plaintiff also does not dispute the amount in controversy exceeds $75,000.  Thus, the Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1).  Because 28 U.S.C. §1446 and the authorities cited above indicate there is no requirement that a defendant be properly served before it may file a notice of removal, Plaintiff's motion to remand is due to be denied.

WHEREFORE, Defendant Early Trucking Company respectfully requests that this Court deny Plaintiff's motion to remand and maintain jurisdiction of this case pursuant to 28 U.S.C. §1332,  28 U.S.C. 1441 and 28 U.S.C. §1446, and for such other relief as the Court deems just and equitable in the premises.

Respectfully Submitted this the 6th day of June, 2016.


  /s/ Brad A. Everhardt
DAVID W. HENDERSON
BRAD A. EVERHARDT
Counsel for Defendant Early Trucking


OF COUNSEL:

HILL, HILL, CARTER, FRANCO
   COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101
(334) 834-7600 - Telephone
(334) 263-5969 - Fax
dhenderson@hillhillcarter.com
beverhardt@hillhillcarter.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 6th day of June, 2016, I have filed the foregoing with the Clerk of the Court using the electronic filing system which will send notice to the following:

Cory H. Driggers, Esq.
MORRIS, CARY, ANDREWS
TALMADGE, & DRIGGERS, LLC
P.O. Box 1649
Dothan, Alabama 36302

and have further served the foregoing by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, to the following:

Florida Pond Trucking, LLC
3070 Patricia Drive
Pensacola, Florida 32526

Florida Pond Farm, Inc.
3070 Patricia Drive
Pensacola, Florida 32526

Gene Anthony Foreman
5301 North Blue Angel
Pensacola, Florida 32526

Birdsong Corporation
612 Madison Avenue
Suffolk, VA 23434

                                    /s/ Brad A. Everhardt
                                    Brad A. Everhardt
                                    OF COUNSEL

5