IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAMAR SASSER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: 1:16-CV-252-WKW-PWG |
| | ) |
| FLORIDA POND TRUCKING LLC, | ) |
| et. al | ) |
| | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT EARLY TRUCKING COMPANY'S RESPONSE AS TO STATUTTORY BASIS FOR REMOVAL PRIOR TO SERVICE OF PROCESS**

**COMES NOW** the Plaintiff, by and through the undersigned, and pursuant to this Court's Order of May 25, 2016 (Doc 12) replies to Defendant Early Trucking Company's Response as to Statutory Basis for Removal Prior to Service of Process:

The procedure through which a defendant may remove an action from state to federal court is contained in 28 U.S.C. §1446. Specifically, section 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

As the courts of this district have held, "[r]emoval is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege." *Jerrell v. Kardoes Rubber Co.*, 348 F. Supp. 2d 1278, 1283 (M.D. Ala. 2004). Further, "[t]he letter of the law is clear and it requires a strict construction of the language of the statute." *Id.*

Defendant Early Trucking Company ("ETC") argues that the plain language of §1446(b)(1) "clearly and unambiguously indicates a removing defendant has the ability to remove an action within 30 days after receipt of the initial pleading setting forth the claim to relief, 'through service or otherwise.'" (Doc 13 at 2). The Supreme Court disagrees.

In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court directly addressed and interpreted the meaning of "through service or otherwise" contained in §1446(b)(1). 526 U.S. 344 (1999). Based on its interpretation, the Court held that the time to remove an action to federal court does not begin to run until after a defendant has both been served with process and received a copy of the complaint. *Id.* at 347-48. The Court explained that there are four possible triggering events for removal:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Id.* at 354.

Crucial to all four triggering event possibilities is the service of the summons upon the defendant. As the Court held, "In each of the four categories, the defendant's period for removal will be no less than 30 days *from* service, and in some categories, it will be more than 30 days *from* service, depending on when the complaint is received." *Id.* (emphasis added).

In *Bailey v. Janssen Pharmaceutica Inc.*, the Eleventh Circuit referred to the period of removal in § 1446(b) as a "time window" that in accordance with *Murphy Brothers* is only "triggered by simultaneous service of the summons and complaint, or receipt of the complaint,

'through service or otherwise,' *after* and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 536 F.3d 1202, 1205 (quoting *Murphy Brothers*, 525 U.S. at 347-48 (emphasis added)).

Here, ETC seeks to remove this action prior to the 30 day "time window" of removal ever opening. As the District Court for the Northern District of Georgia found in *Hawkins v. Cottrell, Inc.*, "allowing removal prior to service renders the time limit on removal contained within § 1446(b) superfluous. If removal can be effected prior to service, it makes no sense for the removal deadline to begin to run after service of process." 785 F. Supp. 2d 1361, 1370 (N.D. Ga. 2011).

In support of its argument that removal is proper prior to service, ETC cites this Court to the Eleventh Circuit's unpublished opinion in *Whitehurst v. Wal-Mart* where the court summarily stated "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." 306 F. App'x 446, 448 (11th Cir. 2008). First, unpublished opinions have no binding precedential authority over this Court. *Borden v. Allen*, 646 F.3d 785, 808 n. 27 (11th Cir. 2011). Second, in reaching its conclusion, the court in *Whitehurst* failed to even consider the Supreme Court's decision in *Murphy Brothers* nor did the court consider its earlier opinion in *Bailey*.

Plaintiff acknowledges that district courts in Alabama have reached the conclusion that service of the complaint is not required prior to a defendant seeking removal. *See Vail v. Smartfuel South, LLC*, 2013 U.S. Dist. Lexis 137324 (S.D. Ala. Sept. 9, 2013). The opinion of these courts has been, based in part, on their conclusion that *Murphy Brothers* only addresses when the time for removal begins to run after being served—not what a defendant may do prior to service of the summons and receipt of the complaint. *See Vail*, 2013 U.S. Dist. Lexis 137324

at *20-21 n. 12) With all due respect, these courts read *Murphy Brothers* too narrowly. As the court reasoned in *Hawkins*, "Although *Murphy Brothers* did not directly address whether service was required before a defendant could remove an action, the Court indicated that the time to remove was 'triggered' in all instances *after* the receipt of service of process." *Hawkins*, 785 F. Supp. 2d at 1370.

The Eleventh Circuit's reference to the 30 day removal period as a "time window" in *Bailey* is instructive. 536 F.3d at 1205. A "time window" defines a time interval in which something can occur. For example, a law student has a particular time window during which to register to take the Alabama State Bar exam. According to the Bar's website, this year the time window for the July 2016 bar exam was from January 1, 2016 until February 1, 2016. A law student could not register either before or after this deadline. Likewise, a defendant should be prohibited from removing a case from state to federal court until the 30 day time window for removal is triggered and open. Ultimately, holding that a defendant must wait until a well-defined triggering event has occurred prior to a defendant being able to remove an action to federal court would be completely consistent with the Supreme Court's decision in *Murphy Brothers* and the plain language of the code section at hand.

In its Order of May 25, 2016, this Court questioned the propriety of removal specifically under §1446(b). ETC was ordered to provide a "statutory basis upon which it may remove Plaintiff's action and invoke this court's jurisdiction." In response, ETC relies on what it perceives to be the clear and unambiguous language of §1446(b)(1). The language of the statute specifically provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days *after* the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . . ." (emphasis added). The Supreme Court has found that clear and unambiguous

language to require service of process and receipt of the complaint "through service or otherwise" before the 30 day "time window" to remove an action is triggered.

To date, ETC has not been served a summons or been formally served with a copy of the complaint.[1] Therefore, there has been no triggering event to start the 30 day clock, and ETC's time window to remove this action has not yet been opened. In accordance with the Supreme Court's decision in *Murphy Brothers*, once ETC is served with the summons and receives the complaint, "through service or otherwise," then ETC's 30 day time window to remove this action will open.

Ironically, should this Court choose to adopt ETC's argument that this case may be removed 30 days after mere receipt of the complaint, then ETC failed to file a timely notice of removal. Noticeably absent in ETC's response to this Court's Order is any mention of the date on which ETC claims to have been in receipt of Plaintiff's complaint. While only ETC knows this answer for sure, upon information and belief, ETC received a copy of Plaintiff's complaint on or about February 18, 2016.[2] Accordingly, under ETC's own interpretation of the statute, its April 8, 2016 removal of this action from state court is untimely.[3]

---

[1] The cases ETC cites in Footnote 1 of its Response dealing with a later served defendant's ability to remand an action to state court are inapplicable. (Doc. 13 at 3). It is undisputed that Defendants Florida Pond Trucking, Florida Pond Farm, and Gene Foreman are the only defendants in this action that have been served to date.

[2] On February 18, 2016, Plaintiff's counsel spoke with counsel of Defendants Florida Pond Trucking, Florida Pond Farm, and Gene Foreman during which Plaintiff's counsel learned Defendant ETC's counsel was in receipt of a copy of Plaintiff's complaint, which was filed on February 16, 2016.

[3] The Supreme Court in *Murphy Brothers* specifically rejected the "receipt rule" ETC advocates for here. There, the defendant received a faxed courtesy copy of the complaint 44 days prior to removal. The Defendant filed its notice of removal 30 days *after* service of the summons and complaint.

ETC has failed to provide the court a statutory basis for removal of this action under §1446(b). In accordance with the Supreme Court's decision in *Murphy Brothers*, this Court should remand this case to the Circuit Court of Coffee County, Alabama for resolution.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court enter an Order remanding this action to the Circuit Court of Coffee County, Alabama for resolution.

Respectfully submitted this the 13th day of June 2016.

        **MORRIS, CARY, ANDREWS,**
        **TALMADGE & DRIGGERS, LLC**

        /s/ Will Morris
        William S. Morris
        ASB-3931-Y85T
        Attorney for Plaintiff
        Post Office Box 1649
        Dothan, Alabama 36302
        Telephone: (334) 792-1420
        Facsimile: (334) 673-007

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 13th day of June 2016, a copy of the forgoing was served upon all counsel of record and parties via CM/ECF and/or United States mail delivery.

DONE THIS the 13th day of June 2016.

        *s/ Will Morris*
        William S. Morris