**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| LAMAR SASSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-252-WKW-PWG |
| ) | |
| FLORIDA POND TRUCKING, ) | |
| L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

On February 16, 2016, Plaintiff Lamar Sasser filed a civil complaint in the Circuit Court of Coffee County, Alabama. (Doc. 2-5). Plaintiff sues Florida Pond Trucking, L.L.C. ("FPT"), Florida Pond Farm, Inc. ("FPF"), Gene Anthony Foreman ("Foreman"), Early Trucking Company ("ETC"), and Birdsong Corporation ("Birdsong"). (Doc. 2-5 at pp. 1-2). Plaintiff asserts various state law claims against the Defendants arising out of a motor vehicle accident that occurred in Coffee County. (Doc. 2-5 at ¶¶ 12-37).

On April 8, 2016, ETC filed a Notice of Removal in the United States District Court for the Middle District of Alabama. (Doc. 2). In removing this case, ETC asserts that complete diversity of citizenship exists and that the amount of controversy is "clearly in excess of $75,000.00." (Doc. 2 at pp. 2-3). On May 4, 2016, Plaintiff

submitted a Motion to Remand, contending that ETC's removal is procedurally defective. (Doc. 5). ETC has tendered a response to the motion to remand. (Doc. 10).

The matter is before the undersigned pursuant to the order of reference dated May 24, 2016. (Doc. 11). *See also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jefferey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990). The motion to remand is taken under submission on the record and without oral argument. For the reasons discussed below, Plaintiff's motion to remand (Doc. 5) is due to be granted and this cause remanded to the Circuit Court of Coffee County, Alabama.

## I. BACKGROUND

### A. PLAINTIFF'S COMPLAINT AND DEFENDANT ETC'S NOTICE OF REMOVAL

Plaintiff's complaint arises out of a motor vehicle collision that occurred on Alabama Highway 52 between Coffee County Road 472 and the Kinston City Limits in Kinston, Coffee County, Alabama. (Doc. 2-5 at ¶ 10). On October 17, 2015, Plaintiff was traveling on Alabama Highway 52 when his vehicle collided with a tractor trailer being operated by Foreman. (Doc. 2-5 at ¶ 13). At the time of the collision, Foreman was an employee of FPT and/or ETC. (Doc. 2-5 at ¶ 14).

Foreman's tractor was owned and maintained by FPF. (Doc. 2-5 at ¶ 7). Birdsong owned and maintained the trailer Foreman was hauling. (Doc. 2-5 at ¶ 35). Plaintiff sustained permanent physical injuries, including paralysis and scarring, as a result of the collision. (Doc. 2-5 at ¶¶ 21, 28, 33, and 37). Plaintiff asserts various state law claims against the Defendants. (Doc. 2-5 at ¶¶ 12-37).

On April 8, 2016, ETC removed Plaintiff's complaint to this court, asserting that complete diversity of citizenship exists and that the amount of controversy is "clearly in excess of $75,000.00." (Doc. 2 at pp. 2-3). ETC states in its Notice of Removal, however, that it "has not yet been properly served with the Complaint, nor has [it] filed its Answer to Plaintiff's Complaint." (Doc. 2 at p. 2).[1] ETC further states that, at the time of filing the Notice of Removal, no co-defendant had been properly served or joined. (Doc. 2 at p. 3).

### B. Plaintiff's Motion to Remand

Plaintiff contends in his motion to remand that ETC's removal is procedurally defective because: (1) Defendants FPT, FPF, and Foreman were, in fact, served with the complaint and properly joined before the notice of removal was filed; and (2) pursuant to 28 U.S.C. § 1446(b)(2)(A), ETC "failed to obtain unanimous consent

---

[1] On April 14, 2016, six days after filing the Notice of Removal, ETC filed in this court its answer to the complaint. (Doc. 1).

3

from its properly served Co-Defendants prior to removing this action from" state court. (Doc. 5 at pp.2-4).[2] ETC responds that it was unnecessary for it to obtain the consent from any co-defendant before removing this action because no co-defendant had been served and properly joined in a timely fashion. (Doc. 10 at pp. 3-7).

Before considering the issue of unanimous consent under § 1446(b)(2)(A), a question exists as to whether ETC could remove this action in the first place since ETC had not been properly served with the complaint prior to removal. On May 25, 2016, the court directed ETC to file a response addressing whether, in the absence of being served with Plaintiff's complaint and joined in the action, it has any basis upon which it may remove Plaintiff's action and invoke this court's jurisdiction. (Doc. 12 at p. 4).

In response to the Court's Order, ETC asserts that "there is no requirement [under § 1446(b)(1)] that the removing defendant be properly served before it files a notice of removal." (Doc. 13 at p. 2). ETC further contends that any time limitations imposed by § 1446(b) for removing an action is purely procedural, and not jurisdictional. (Doc. 13 at p. 3). Lastly, ETC adds that co-defendants served after

---

[2] Plaintiff states in his motion to remand that Birdsong has yet to be served with a copy of the summons and complaint. (Doc. 5 at p. 2). No evidence has been presented by any party to show that Birdsong was formally served with the summons and complaint.

removal may either accept the removal or file a motion to remand within thirty days of the removal. (Doc. 13 at p. 3 n.1).

Plaintiff replies that ETC's removal prior to its service is improper, contending that: (1) the time to remove a case in all instances is triggered after the receipt of service of process; and (2) "a defendant should be prohibited from removing a case from state to federal court until the 30[-] day time window for removal is triggered and open." (Doc. 14 at p. 4). Because ETC was never served a summons or formally served with a copy of the complaint, Plaintiff contends that there has been no triggering event to start the 30-day clock and that ETC's "time window to remove this action has not yet been opened." (Doc. 14 at p. 5). Plaintiff further argues that "should this court choose to adopt ETC's argument that this case may be removed 30 days after mere receipt of the complaint, then ETC failed to file a timely notice of removal" under § 1446(b)(1). (Doc. 14 at p. 5).

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional

grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

When, as here, the purported statutory basis for federal jurisdiction is § 1332(a)(1)—a civil action satisfying the amount-in-controversy requirement and between "citizens of different States"—there must be "complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Also, "[d]iversity jurisdiction exists where ... the amount in controversy exceeds the statutorily prescribed amount, in this case, $75,000." *Griffith v. Wal-Mart Stores East, L.P*, 884 F. Supp. 2d 1218, 1222 (N.D. Ala. 2012) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy. A case does not become removable until both conditions are present.

Plaintiff does not contest that complete diversity of citizenship exists in this action or that the amount in controversy exceeds $75,000.00. Rather, Plaintiff asserts that ETC's removal is procedurally defective in violation of the unanimous consent rule. Under this rule, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A question also exists as to whether ETC could remove the state court action before being served with the complaint.

A district court has the authority to remand an action when there is either: (1) a lack of subject matter jurisdiction; or (2) a defect other than a lack of subject matter jurisdiction, such as the failure to comply with the unanimous consent rule. *See Hernandez v. Seminole County, Florida*, 334 F.3d 1233, 1236 (11 Cir. 2003) (citing 28 U.S.C. § 1447(c)). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice to removal under section 1446(a)." 28 U.S.C. § 1447(c). Plaintiff's motion to remand, seeking to challenge whether the removal was procedurally defective, has been filed in a timely fashion.

As the removing defendant, ETC carries a heavy burden to demonstrate that its removal was not procedurally defective and otherwise effected properly under § 1446. *Lampkin v. Media General, Inc.*, 302 F. Supp. 2d 1293, 1294 (M.D. Ala.

2004). "A court must strictly construe the requirements of a removal statute, as removal constitutes and infringement on state sovereignty." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000).

### A. ETC'S Removal

Section 1441(a) authorizes a defendant to seek removal of a lawsuit brought originally brought in state court when the federal court has diversity jurisdiction over the cause of action. 28 U.S.C. § 1441(a). Pursuant to the so-called "forum defendant" rule, a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"Section 1446 describes the appropriate removal procedure to invoke federal jurisdiction, and requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal with the appropriate federal district court." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008) (citing 28 U.S.C. § 1446(a). Section 1446(b) provides in pertinent part that in order to be timely:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1). In multi-defendant litigation, "§ 1446(b) permits each defendant thirty days in which to seek removal." *Bailey*, 536 F.3d at 1205. This rule, known as the last-served defendant rule, "permits each defendant, upon formal service of process, thirty days to file a notice of removal." *Id.* at 1209.

The thirty-day time window in § 1446(b)(1) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). In this case, however, ETC was not formally served with the complaint prior to removing the action to this court. (Doc. 2 at p. 2). Because Plaintiff never formally served ETC with the summons or complaint,[3] the thirty-day time window for removing the action under § 1446(b)(1) never started.

Thus, the initial issue to consider is whether formal service of ETC is required prior to ETC's removal. Plaintiff cites *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011), to support its argument that ETC's removal is procedurally

---

[3] Plaintiff does not contend that he formally served ETC with a copy of the summons and complaint. Rather, Plaintiff states that his counsel had learned on February 18, 2016, that ETC's counsel was in receipt of a copy of the complaint that had been filed in state court two days earlier. (Doc. 14 at p. 5 n.2).

9

defective prior to formal service of the complaint on ETC. (Doc. 14 at pp. 2-4). In *Hawkins*, a case originally filed in Hall County, Georgia, the plaintiffs were Tennessee residents who sued a Georgia corporation as the sole defendant. *Id.* at 1364. The defendant sought to remove the action to federal court before he had been served in the state action. *Id.* In determining whether removal was proper, the Georgia district court analyzed the forum-defendant rule in § 1441(b). *Id.* The defendant argued that the "plain meaning of the [forum-defendant rule's] text permits a forum defendant to remove an action based on diversity of citizenship." *Id.* at 1365.

Based upon its reading of the forum-defendant rule, the *Hawkins* concluded that the statute's unambiguous language "necessarily restricts removal to cases where at least one defendant has been served." *Id.* at 1369. Quoting *Murphy Bros*, the *Hawkins* court "noted that service of process was 'fundamental to any procedural imposition on a named defendant.'" *Id.* at 1370.

> Although *Murphy Brothers* did not directly address whether service was required before a defendant could remove an action, the Court indicated that the time to remove was triggered in all instances after the receipt of service of process. It thus seems safe to assume that service on at least one defendant is required prior to removal. Without service upon any defendant, no party has been brought under a court's authority through formal process. Additionally, allowing removal prior to service renders the time limit on removal contained within § 1446(b) superfluous. If removal can be effected prior to service, it makes no sense for the removal deadline to begin to run after service of process.

10

*Id.* at 1370 (internal quotations and citation omitted).

The *Hawkins* court further concluded that successful removal by an unserved forum defendant would create absurd results, explaining that "there is no conceivable reason why Congress would condition a forum defendant's ability to remove a diversity case on the timing of service." *Id*. at 1372.

> Since a defendant has no risk of suffering even presumptive local prejudice in a state court located in his or her own home state, there is no reason to provide that defendant the option of a federal forum. Given this rationale, it is absurd to claim that there is principled distinction between a served and unserved forum defendant for purposes of removal. In each case, the defendant is not an out of state-of-state litigant, and thus in each case the justification for providing a federal forum is equally weak. An unserved forum defendant is not somehow subject to more local presumptive local prejudice than a served forum defendant, and thus it makes no sense to grant the former a federal tribunal while forcing the latter to stay in state court.

*Id.* Thus, the *Hawkins* court concluded that removal by the unserved forum defendant was improper. *Id.*

*Hawkins*, however, is inapposite and the forum defendant rule analyzed therein inapplicable to the present case. Each of the defendants named by Plaintiff in this action, including ETC, are out-of state defendants. The *Hawkins* court specifically recognized that "removal by a forum defendant is easily distinguishable from removal by an out-of-state defendant" because: (1) the forum-defendant rule of § 1441(b) is not defeated when an unserved out-of-state defendant removes a case; and (2) such

11

removal by an unserved out-of-state defendant does not lead to an absurd result. *Hawkins*, 785 F. Supp. 2d at 1373.

Furthermore, as even the *Hawkins* court acknowledges, the Supreme Court in *Murphy Bros.* never held that formal service of a defendant is required before that defendant can remove a case. *See Murphy Bros.*, 526 U.S. at 354-56; *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (noting that, while *Murphy Bros*. found that mere receipt of a complaint without formal service did not trigger a defendant's time to remove a case from state court, the decision did not address whether service was a prerequisite for a defendant to be able to remove a case); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) (recognizing that "the *Murphy Brothers* decision did not superimpose a service requirement on Section 1446(b)). In an unpublished decision, the Eleventh Circuit Court of Appeals concluded that "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 448 (11th Cir. 2008).

In following *Whitehurst*, ETC's removal of Plaintiff's state court action prior to being formally served with the complaint is not procedurally defective. *See North*, 600 F. Supp. 2d at 1270 (holding that "an unserved defendant in receipt of the

complaint may remove prior to service under Section 1446(b); *Vail v. Smarterfuel South, LLC*, No. 13-00277-KD-N, 2013 WL 5373525, at *5 (S.D. Ala. Sep. 25, 2013) (recognizing that out-of-state defendant's removal was timely and proper because there lacked proper service of process and, therefore, the thirty-day window for removal under § 1446(b)(1) never started to run); *Owens v. Hamlin*, No. 13-00259-KD-N, 2013 WL 3732888, at *4 (S.D. Ala. Jul. 15, 2013) (same).[4] Accordingly, the fact that ETC, an out-of-state defendant, was not formally served with the complaint does not preclude him from filing a notice of removal.

### B. Unanimous Consent

Because there is no requirement that ETC be served properly before filing its notice of remove, it becomes necessary to address whether ETC obtained the requisite unanimous consent for removal from all defendants who were served prior to removal. The unanimous consent rule set forth in § 1446(b)(2)(A) "mandates that, in cases involving multiple defendants, all defendants properly joined and served must consent to removal." *Watson v. General Electric, Inc.*, No. CV-12-S-2661-NE, 2012 WL 5931884, at *2 (N.D. Ala. Nov. 26, 2012). "A defendant's failure to obtain

---

[4] In *Hutton v. KDM Transport, Inc.*, No. 14-3264, 2014 WL 3353237 (E.D. Pa. Jul. 9, 2014), the Pennsylvania district court also held that an unserved out-of-state defendant "need not wait until he is properly served to remove the case." *Id.* at *4. The *Hutton* court explained that "requiring service prior to removal makes little sense when a named defendant can submit to the jurisdiction of the court through consent or waiver of process . . . or service of process can be effected [under 28 U.S.C. § 1448] *after* removal. *Id.* (emphasis in original).

13

unanimous consent of all defendants to the notice of removal 'is a defect in the removal procedure.'" *Id.* (quoting *In re Bethesda Memorial Hospital, Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997)). "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of federal removal jurisdiction." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

ETC filed its notice of removal on April 8, 2016. (Doc. 2). The state court record reflects that FPT, FPF, and Foreman were formally served with the complaint on either April 5 or 6, 2016, but that the return of service for each of these defendants was not filed with the state court until April 12, 2016. (Doc. 10-1 at pp. 2-4). Plaintiff contends that ETC's removal is procedurally defective because: (1) Defendants FPT, FPF, and Foreman were served with the complaint and properly joined before the notice of removal was filed; and (2) ETC "failed to obtain unanimous consent from its properly served Co-Defendants prior to removing this action from" state court. (Doc. 5 at pp.2-4). ETC counters that it was unnecessary for it to obtain the consent from any co-defendant prior to the removal because each return of service for FPT, FPF, and Foreman was not filed with the state court until April 12, 2016. (Doc. 10 at pp. 3-7).

District courts have split regarding the extent of a removing defendant's obligation to determine whether other defendants have been served at the time the notice of removal was filed.  Some district courts focus primarily on the date when a co-defendant has actually been served as opposed to when a proof of service has been filed.  *See, e.g.*, *Career Network, Inc. v. Wot Servs., Ltd.*, No. 6:10-cv-1826-Orl-31KRS, 2011 WL 397906, at *2 (M.D. Fla. Feb. 3, 2011) (holding that co-defendant's consent to removal was required where he was actually served almost a month before the removal but the proof of service was not filed before the removal); *Barbera v. WMC Mortg. Corp.*, No. C 08-02677 SBA, 2009 WL 742843, at *2 (N.D. Cal. Mar, 18, 2009) (holding that "the obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party).

Other district courts hold that the removing defendant's requisite "due diligence" involves more than just checking the state court record to see whether proofs of service have been filed.  *See, e.g. AGI Publishing, Inc. v. HR Staffing, Inc.*, No. 1:12-cv-00879-AWI-SKO, 2012 WL 3260519, at *4 (E.D. Cal. Aug. 8, 2012) (finding that removing defendant did not exercise the requisite due diligence in that the removing defendant: (1) knew one co-defendant had been previously served yet failed to obtain consent; and (2) checked the state-court docket on one occasion eight

days before removal and failed to consult with the state court clerk's office); *Orozco v. Equifirst Corp.*, No. CV08-8064 PA (CWx), 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008) ("A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient."); *Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86, 87 (N.D. Ill. 1996) ("A phone call to the Clerk and an instruction to a docketing employee are insufficient to demonstrate diligence. [The removing defendant] should have taken further action to determine whether [the co-defendant] had been served, such as attempting to contact [the co-defendant].").

Some district courts, however, have concluded that a removing defendant exercises reasonable diligence merely by checking the docket for filed proofs of service before filing a notice of removal. *See, e.g., Doe v. Sunflower Farmers Markets, Inc.*, 831 F. Supp. 2d 1276 (D. N.M. 2011) (recognizing that a removing defendant is not required to take action "beyond consulting the state court record to ascertain whether service was properly made"); *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1089 (E.D. Cal. 2007) (Defendants did not have a duty to contact Plaintiff's counsel to investigate whether the remaining defendants were served."); *Laurie v. Nat'l R.R. Passenger Corp.*, No. Civ. A. 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001) (finding reasonable diligence where removing defendant

repeatedly checked the docket and called clerk's office, and served defendants had not entered appearances or filed answers before filing the removal notice); *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992) (concluding that consent is only required from served defendants "whom the removing defendant(s) actually knew or should have known had been served").

Upon review of the relevant case law, the court is persuaded to conclude that ETC's requisite "due diligence" in this action consists of actions going beyond a mere check of state court records to see if proofs or returns of service have been filed as to any co-defendants. Even though ETC was never formally served, it is apparent that ETC received a copy of Plaintiff's complaint well before it decided to file its notice of removal. No evidence has been submitted demonstrating that ETC took any action to inquire whether any of the co-defendants had received a copy or otherwise been formally served with the complaint.

Specifically, ETC has provided no evidence to demonstrate that it made any attempt to contact either: (1) the state court clerk's office in an effort to investigate whether any of the co-defendants had been served; or (2) any of the other co-defendants to ascertain whether service was perfected upon them. While ETC has presented evidence showing that returns of service were submitted in state court after the removal notice was filed, ETC provides no indication that it checked the state

court docket at any time leading up to its removal on April 8, 2016. Because ETC failed to act with the requisite due diligence in determining whether any co-defendant had been actually served, ETC has failed to comply with the unanimous consent rule set forth in § 1446(b)(2)(A). Accordingly, this action is due to be remanded to the Circuit Court of Coffee County.

### III.  CONCLUSION AND RECOMMENDATION

For these reasons, the Magistrate Judge **RECOMMENDS** that Plaintiff's motion to remand (Doc. 5) is due to be **GRANTED** and this cause be remanded to the Circuit Court of Coffee County, Alabama, based on ETC's failure to comply with the unanimous consent rule.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **July 8, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from

attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 24th day of June, 2016.

                                                 /s/ Paul W. Greene
                                                United States Magistrate Judge